

**FILED**

NOV 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZELJKO BOSKOVIC, | No. 18-70431 |
| Petitioner, | Agency No. A075-032-914 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 28, 2020
Portland, Oregon

Before:  GRABER, CLIFTON, and IKUTA, Circuit Judges.

Petitioner Zeljko Boskovic seeks review of the Board of Immigration

Appeals' ("BIA") final order denying his requests for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

removal, and other relief.[1]  We have jurisdiction under 8 U.S.C. § 1252(a)(1).

Reviewing for substantial evidence, that is, whether "any reasonable adjudicator

would be compelled to conclude to the contrary," Miranda Alvarado v. Gonzales,

449 F.3d 915, 920, 930 (9th Cir. 2006) (quoting 8 U.S.C. § 1252(b)(4)(B)), we

deny the petition.

1.  Substantial evidence supported the inference that Petitioner may have

assisted in persecution, genocide, or extrajudicial killings during the Bosnian War.

See Budiono v. Lynch, 837 F.3d 1042, 1048 (9th Cir. 2016) (holding that the

government meets its initial burden under the "persecution bar . . . when the

evidence is 'sufficient to raise the inference that' the bar applies" (quoting Miranda

Alvarado, 449 F.3d at 930)).  Records from the Bosnian Serb Army ("VRS") and

testimony from the government's expert linked Petitioner or his unit to

persecution, genocide, or extrajudicial killings.[2]  Petitioner's personal involvement,

---

[1]  Because Petitioner did not address the BIA's denial of his request for cancellation of removal, various waivers, and protection under the Convention Against Torture, he forfeited those issues on appeal.  See Rizk v. Holder, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (holding that issues not raised in a petitioner's opening brief are forfeited).

[2]  Because the record contains more than enough evidence to raise the inference that the persecution bar may apply, we need not consider whether the BIA and immigration judge ("IJ") permissibly cited Petitioner's apparent admission to immigration authorities that he transported Bosniaks to jail.

thus, was "active" because his unit (1) planned to ambush a fleeing column of Bosniaks; (2) engaged in a subsequent firefight to block that column's escape from the VRS's territory; and (3) patrolled the forest for stragglers with orders to shoot them on sight—all of which "went beyond mere membership" in the VRS. Miranda Alvarado, 449 F.3d at 928. That involvement also constituted "purposeful assistance" because it was not tangential, but rather was "integral to the persecution that occurred." Kumar v. Holder, 728 F.3d 993, 998–99 (9th Cir. 2013) (emphasis omitted). Even if a reasonable adjudicator could find that Petitioner maintained his rank in a unit engaged in persecution without taking part or knowing what was afoot, the evidence does not compel that conclusion. See 8 U.S.C. § 1252(b)(4)(B) (providing that the IJ's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

2. The BIA permissibly determined that Petitioner did not show, by a preponderance of the evidence, that he did not engage in persecution, genocide, or extrajudicial killings. See Miranda Alvarado, 449 F.3d at 930 (holding that if the government raises an inference that the persecution bar could apply, the burden shifts to the applicant to prove that it does not); see also 8 C.F.R. § 1240.8(d). Petitioner offered only his own testimony to rebut the government's case, and substantial evidence supports the IJ's adverse credibility finding. A reasonable

3

adjudicator could find that Petitioner is not credible because, among other things, he was convicted of lying about his service in the VRS to obtain asylum. See Rizk, 629 F.3d at 1088 (holding that "we must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence").

Nor would a reasonable adjudicator be "compelled," 8 U.S.C. § 1252(b)(4)(B), to accept Petitioner's explanations of his whereabouts during the war as plausible. Petitioner's argument that his case resembles Kumar, in which an officer in an Indian police force witnessed and protested the torture of those seeking to create a separate, Sikh country, is misplaced. 728 F.3d at 995–96. Here, a reasonable adjudicator could find that Petitioner was less than forthcoming when he acknowledged his presence at the site of persecutory acts, yet maintained that he was unaware that those acts were occurring.

3. Petitioner's argument that his actions were defensive and merely related to civil strife is not viable on these facts. Assuming, without deciding, that Petitioner's characterization is accurate for some of his actions, "wide-spread violence and detention cannot override record evidence that persecution occurred at least in part as a result of [the victims'] protected status." Miranda Alvarado, 449 F.3d at 931 (internal quotation marks omitted).

**PETITION DENIED.**

4